CITY OF ST. GABRIEL
v.
CHARLES G. HEBERT, DECEASED.
No. 2007 CA 0039.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
L. PHILLIP CANOVA, JR., LOUIS W. DELAHAYE, Counsel for Plaintiff/Appellee, City of St. Gabriel.
WILLIAM J. LUSCY, III, Counsel for Defendant/Appellant, Succession of Charles G. Hebert.
Before GAIDRY, MCDONALD, and MCCLENDON, JJ.
GAIDRY, J.
This is an appeal from a judgment dismissing a petition for nullity and denying an exception of nonjoinder of indispensable parties for failure to comply with time limits set by the court. Because we find that the court exceeded its authority in setting a time limit for the filing of a petition of nullity contrary to those supplied by law, we reverse that portion of the judgment dismissing the petition for nullity.

FACTS AND PROCEDURAL HISTORY
On March 14, 2005, the City of St. Gabriel ("the City") filed a petition seeking enforcement of a $67,780.00 lien, plus attorney's fees and costs. The only defendant named in the petition was "Charles G Hebert, Now Deceased, . . . who is the assessed owner of the property." The City alleged that no succession had been judicially opened for Mr. Hebert and no succession representative had been appointed, and accordingly requested that a curator ad hoc be appointed to represent the interests of Mr. Hebert's heirs. Attorney Charles Diel was appointed by order of the court dated March 22, 2005 to represent Mr. Hebert's heirs. After Diel was served with the suit, he filed a proof of publication and a general denial answer. The City proceeded against Mr. Diel, and a judgment was rendered on August 2, 2005 in favor of the City and against Hebert in the amount of $67,780.00, plus legal interest, attorney's fees in the amount of $500.00, and the curator's fee of $500.00. A writ of fieri facias was issued and the property was seized and scheduled for sheriff's sale.
Liselotte Schroth, acting as the independent administratrix of the Succession of Charles Gabriel Hebert, filed a petition on January 25, 2006 seeking to nullify the August 2, 2005 judgment, and asserting an exception of nonjoinder of indispensable parties. Schroth alleged that the judgment should be nullified because the City did not exercise due diligence in determining the correct defendants for the suit. Despite the fact that the City of St. Gabriel tax notice lists the owners of record of the subject property as:
Hebert, Charles and Others
c/o Joseph Amberg, Jr.
240 Vincent Avenue
Metairie, Louisiana 70005
no attempt was made to serve the lawsuit on anyone at that address. Schroth alleged that after the judgment was rendered against Hebert, Mr. Diel sent a notice of the sheriff's sale to the Vincent Avenue address by certified mail, prompting Schroth to file the petition for nullity. In the exception of nonjoinder of indispensable parties, Schroth alleged that Hebert co-owned the property along with Mrs. Ethel Hebert Bell and Mrs. Gertrude Hebert Herndon, or their heirs, and that these co-owners are indispensable parties to the proceedings filed by the City against Hebert.
The City filed a motion to dismiss the petition for nullity and the exception of nonjoinder of indispensable parties on the following grounds:
On October 25, 2005, the Court ordered that the Sheriff's Sale set for October 26, 2005 be cancelled and defendant, "the Succession of Charles Gabriel Hebert, . . ., is granted Ninety (90) days from the date of this order within which to file responsive pleading herein."
(Emphasis added)
The defendant, Succession of Charles Gabriel Hebert, was ordered to file responsive pleading on or before Monday, January 23, 2006. This was ninety (90) days from October 25, 2005.
As shown by the Iberville Parish Clerk of Court's filing stamp, defendant's pleadings were filed on January 25, 2006.
After a hearing on the City's motion, the court dismissed the petition for nullity and exception of nonjoinder for failure to comply with the ninety-day time limit.[1] Schroth filed a motion for new trial, which was denied. This appeal followed.

DISCUSSION
A judgment can be annulled for vices of form at any time, unless the defendant voluntarily acquiesced in the judgment, or was present in the parish at the time of the execution of the judgment and did not attempt to enjoin its enforcement. La. C.C.P. arts. 2002, 2003. Vices of form include judgments rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.
La. C.C.P. art. 2002.
A judgment obtained by fraud or ill practices may be annulled if an action is brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices. La. C.C.P. art. 2004.
The judge's order, which is not contained in the record, that Schroth file a petition for nullity by January 23, 2006, less than a year from the date of judgment, is contrary to the time limits supplied by law for filing a petition for nullity. For this reason, the judgment dismissing the defendant's petition for nullity must be reversed.
Schroth's exception, on the other hand, was properly dismissed. The exception of nonjoinder of indispensable parties is a peremptory exception which may be raised at any time or even noticed by the trial or appellate court on its own motion. La. C.C.P. arts. 641, 645, 927, State through Dept. of Highways v. Lamar Advertising Co., Inc., 279 So.2d 671 (La. 1973). However, since the time periods for filing suspensive or devolutive appeals of the judgment rendered in 2005 had lapsed at the time Schroth filed this exception, the exception of nonjoinder of indispensable parties was not timely filed, and the court did not err in denying this exception.

DECREE
The judgment is reversed insofar as it dismisses the petition for nullity; the portion of the judgment dismissing the exception of nonjoinder of indispensable parties is affirmed. Costs of this appeal are to be shared equally by the parties.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] This alleged ruling by the trial court wherein Schroth was given 90 days to file responsive pleadings is not contained in the appellate record.